UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.:   5:26-CV-01171-AB-PD | Date:    March 19, 2026 |
|---|---|

| Title:   *Jose Nunez-Santillan v. Warden Desert View Facility et al* |
|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**    **[In Chambers] ORDER GRANTING PETITIONER'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [Dkt. No. 4]**

Pending before the Court is Petitioner Jose Nunez-Santillan ("Petitioner") Ex Parte Application for Temporary Restraining Order and Preliminary Injunction ("TRO Application" or "TRO App.," Dkt. No. 4). Respondents Warden Desert View Facility, Adelanto ICE Processing Center, Kristi Noem, and Pam Bondi (collectively, "Respondents") filed a response ("Response," Dkt. No. 6). For the reasons set forth below, Petitioner's TRO Application is **GRANTED**.

## I.    BACKGROUND

Petitioner is forty-seven-year-old handyman who lives in Los Angeles, California with his wife, whom he married on January 7, 2025 and who is a permanent resident in the process of obtaining her U.S. citizenship, and their U.S. citizen daughter, a minor. TRO App. at 3, 6. Petitioner entered the country without inspection around 2004. *Id.* at 3.

Petitioner is currently in the process of obtaining family-based immigration relief with U.S. Citizenship and Immigration Services ("USCIS"). *Id.* On April 28, 2022, Petitioner's wife, filed an I-130 Petition for Alien Relative on his behalf. *Id.* On July 21, 2025, USCIS approved Petitioner's petition. *Id.* Petitioner is in the process of waiving his unlawful presence in the U.S., as he qualifies for an I-601A Provisional Unlawful Presence Waiver on account of the hardship his wife would face were he not permitted to stay. *Id.* He completed his biometrics appointment with USCIS in relation to his pending I-601A waiver on October 27, 2025. *Id.*

On or about January 17, 2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE") and is being held at the Desert View Facility in Adelanto, Ca. *Id.* The Executive Office of Immigration Review ("EOIR") is denying bond hearings to detained individuals such as Petitioner on account that they entered without inspection ("EWI"). *Id.* Petitioner alleges that his continued detention by ICE without a bond hearing violates his statutory right to a bond hearing under 8 U.S.C. § 1226(a), the Due Process Clause of the Fifth Amendment to the U.S. Constitution, and the Administrative Procedure Act. *Id.* at 3–4. In his TRO Application, Petitioner seeks an order requiring Respondents to either release him or provide him an individualized bond hearing under 8 U.S.C. § 1226(a). *Id.* at 4.

## II.    DISCUSSION

The Court sees no reason to depart from the reasoning it fully set forth three times before. Thus, for the same reasons articulated in these earlier decisions, the Court finds that it has jurisdiction over this matter. And for the reasons discussed in this Court's prior Orders, Petitioner has satisfied the standard to obtain a TRO because he has shown: (1) a likelihood of success on the merits of his claim that his continued detention under 8 U.S.C. § 1225(b) violates at least the Immigration and Nationality Act and the Due Process Clause because he is subject instead to 8 U.S.C. § 1226(a), *see Jennings v. Rodriguez*, 583 U.S. 281, 287-289 (2018) (§ 1225 applies to "an alien who 'arrives in the United States,' or 'is present' in this country but 'has not been admitted,'" and applies at "the Nation's borders and ports of entry…" whereas § 1226 applies to noncitizens *currently residing* in the country but who "do not have an absolute right to remain here"), which establishes a discretionary detention scheme and thus entitles him to a bond hearing; (2) that Petitioner's continued detention in ICE custody without a bond hearing constitutes irreparable harm, *see Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (the "deprivation of constitutional rights 'unquestionably constitutes irreparable injury'") (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); and (3) both the

balance of the equities and (4) the public interest weigh heavily in Petitioner's favor because his continued detention pursuant to § 1225(b) and without the bond hearing to which § 1226(a) entitles him constitutes a violation of federal law, *see Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) (stating that violations of federal law are neither equitable nor in the public's interest).

According, all of the TRO factors weigh in favor of Petitioner.

## III.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Petitioner's Application for a Temporary Restraining Order and **ORDERS**:

1. Respondents must provide Petitioner an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the issuance of this order, Thursday, March 26, 2026.

2. Petitioner and Respondents must file a status report on the individualized bond hearing by Wednesday, April 1, 2026, at 12:00 p.m. (noon) PST.

3. Respondents are further ordered to show cause, in person, why a preliminary injunction should not issue on Friday April 3, 2026, at 10:00 a.m.

4. This Order will be in effect for a period of fourteen (14) days from entry hereof, after which it will expire absent further order of the Court.

**IT IS SO ORDERED**.